UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>McGEFFEN, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:22-cv-01524-DAD-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 2 |

　　　　Plaintiff Cymeyon Hill is a civil detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  With his complaint, he filed an application to proceed *in forma pauperis*, attesting that he is not employed, has not received any money in the last twelve months, and has no money or assets.  ECF No. 2 at 1-2.  A subsequently filed trust account statement showed plaintiff's balance to be $4,656.  ECF No. 7.  After reviewing plaintiff's application to proceed *in forma pauperis* and his trust fund statement, I ordered plaintiff to show cause why he should be allowed to proceed *in forma pauperis*.  ECF No. 10.  In response, plaintiff neither provided information about his finances nor stated that he is unable to pay the filing fee and other court costs; instead, he claimed that he did not accept the court's offer to contract for subject matter jurisdiction.  ECF No. 11.

　　　　In reviewing an application to proceed *in forma pauperis* for a civil detainee, the court looks to whether the plaintiff has submitted an affidavit that shows he "is unable to pay [the filing

1

1  fee] or give security therefore." 28 U.S.C. § 1915(a)(1).  A court may deny an application to

2  proceed *in forma pauperis* if "the allegation of poverty is untrue." *Id.* § 1915(e)(2)(A); *see Hill v.*

3  *Torres*, No. 2:22-cv-00970-KJM-EFB (PC), 2022 WL 3579698, at *1 (E.D. Cal. Aug. 19, 2022)

4  (denying plaintiff civil detainee's application to proceed *in forma pauperis* because his trust

5  account balance of $3,818.37 contradicted his allegations of poverty).  Here, plaintiff's attestation

6  that he cannot pay the filing fee is contradicted by his trust fund statement, which shows a

7  balance of $4,656 at the time of filing.

8  More fundamentally, an application to proceed *in forma pauperis* is sufficient when it

9  shows "that one cannot because of his poverty pay or give security for the costs . . . and still be

10 able to provide himself and dependents with the necessities of life." *Adkins v. E. I. DuPont de*

11 *Nemours & Co.*, 335 U.S. 331, 339 (1948).  In determining whether a plaintiff meets the poverty

12 threshold to qualify for *in forma pauperis* status, courts generally distinguish between "prisoners,

13 [who] have limited overhead," and non-incarcerated plaintiffs "who must pay for the roof over

14 [their] head[s] and the food on [their] table[s] or go without shelter and sustenance." *Escobedo v.*

15 *Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).  Plaintiff is a civil detainee and, as such, his

16 basic necessities—like shelter, food, and medical care—are provided for him by the state.  Thus,

17 his situation is in many ways akin to that of a prisoner, and his possession of even modest assets

18 may preclude *in forma pauperis* status.  *See Hill v. Martini*, No. 2:22-cv-01603-KJM-AC (P),

19 2022 WL 17488310, at *2 (E.D. Cal. Dec. 7, 2022) ("For a civil detainee like plaintiff, who also

20 has 'limited overhead' by reason of his civil detention, the *Escobedo* decision might suggest a

21 different calculation [from a non-incarcerated plaintiff].").  As noted above, plaintiff had more

22 than sufficient funds to cover the filing fee.  ECF No. 7.  Accordingly, I recommend that

23 plaintiff's application to proceed *in forma pauperis* be denied.

24 Accordingly, it is hereby RECOMMENDED that:

25 1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be denied.

26 2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any

27 order adopting these findings and recommendations and be warned that failure to do so will result

28 in the dismissal of this action.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    March 7, 2023                                  _____
                                                                    JEREMY D. PETERSON
                                                                    UNITED STATES MAGISTRATE JUDGE